UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE AMANDA SCHURMAN and E.N.S., <br><br> Petitioners, <br> vs. <br><br> MARTY JACKLY, Attorney General, <br><br> Respondent. | 4:24-CV-04121-CBK <br><br> ORDER |

    Petitioner, a detainee at the Yankton County, South Dakota, jail, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on her behalf and ostensibly on behalf of a minor child. She is challenging the actions of the South Dakota Department of Social Services in taking custody of her infant child shortly after the child's birth in March 2020. She is also challenging the termination of her parental rights in July 2021.

    Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the application or person detained is not entitled thereto.*" (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

    I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Federal habeas corpus remedies are not available to challenge parental rights or child custody matters. Lehman v. Lycoming County. Children's Services. Agency, 458 U.S. 502, 511, 102 S. Ct. 3231, 3237, 73 L. Ed. 2d 928 (1982). Federal district courts do not sit in appellate judgment of state court family law matters.

I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal, https://ecourts.sd.gov. Such records show that plaintiff is a state court pretrial detainee, awaiting trial in several state court criminal files. Plaintiff however, is not challenging her confinement but rather attempts to challenge the involuntary termination of her parental rights and to pursue the minor child's claimed liberty right to be returned to plaintiff's home. This Court has no jurisdiction to entertain plaintiff's claims.

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is denied and this matter is dismissed.

DATED this 28th day of June, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge